STATE OF NORTH CAROLINA      IN THE GENERAL COURT OF JUSTICE
                                        SUPERIOR COURT DIVISION

HOKE COUNTY        19 FEB 20   PM 4: 03       FILE NO. _____

ANSTRICE EPPS,                   )
                                        )

        **Plaintiff,**               )

                                          )          **COMPLAINT**
         **v.**                       )               **AND**
                                          )    **DEMAND FOR JURY TRIAL**

**BB&T CORPORATION,**             )
                                          )

        **Defendant.**             )
                                          )

## COMPLAINT

Plaintiff, Anstrice Epps, pro se, complaining of the Defendant herein respectfully sets forth and alleges as follows:

### PRELIMINARY STATEMENT

1.   Plaintiff Anstrice Epps is asserting claims under North Carolina law for Wrongful Discharge Against Public Policy, intentional infliction of emotional distress, negligent infliction of emotional distress, negligent supervision in the workplace. Plaintiff is also asserting claims under the Americans with Disabilities Act of 1990, as amended, for unlawful discrimination and retaliation in the workplace due to disability.

### PARTIES

2.   Plaintiff is, and was at all times relevant to this Complaint, a citizen of the United States and resident of North Carolina. Plaintiff resides in Hoke County, North Carolina.

3.   Defendant is incorporated in the State of NC and is doing business in the State of North Carolina. Defendant has a registered agent in North Carolina which is CT Corporation System, with a registered office Address of 200 West Second St 3rd Floor, Winston-Salem,



EXHIBIT
A

NC 27101. Plaintiff's W-2 shows BB&T Corporation, CT Corporation System, registered

agent as shown on NC Secretary of State's website.

## JURISDICTION

4.   The jurisdiction of the Court is invoked pursuant to the North Carolina common law cause of

action, Wrongful Discharge in Violation of Public Policy, intentional infliction of emotional

distress, negligent infliction of emotional distress, negligent supervision in the workplace, and

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § § 2000e to 2000e-17 (

race, color, gender, religion, national origin) and the Family and Medical Leave Act of 1993,

as amended, 29 U.S.C. § 2615 and also the Americans with Disabilities Act of 1990, as

amended, 42 U.S.C. § 12101 et seq..

5.   The termination of Plaintiff from her position was in violation of the public policy of the State

of North Carolina, specifically, the North Carolina Equal Employment Practices Act, N.C.G.S.

§ 143-422.1, et seq., which makes discrimination on account of disability an unlawful

employment practice in North Carolina.

6.   Plaintiff, Anstrice Epps, timely filed an EEOC Charge of Discrimination based on Disability

with the Equal Employment Opportunity Commission ("EEOC"), designated as EEOC

Charge No. 430-2018-02847.

7.   Defendant, BB&T Corporation, received notice of Plaintiff's EEOC Charge, had actual notice

of Plaintiff's claims, and had an opportunity to participate in the EEOC reconciliation process.

8.   A Notice of Rights letter from the EEOC was signed on November 19, 2018.

9.   Plaintiff received the Notice of Rights letter from the EEOC on November 23, 2018.

10.  Plaintiff has exhausted her administrative remedies.

2

11. At all times relevant, Defendant, BB&T Corporation, employed Plaintiff at its facility located in Raeford, North Carolina, in Hoke County.

12. The unlawful employment practices alleged below were committed within the County of Hoke, North Carolina and in the Eastern District of North Carolina.

13. At all relevant times herein, Defendant has been engaged in an industry affecting commerce, pursuant to 42 U.S.C. § 12111(5)(A).

14. At all relevant times herein, Defendant was a "covered entity" pursuant to 42 U.S.C. § 12111(2).

15. At all relevant times herein, Defendant was an "employer" within the meaning of 42 U.S.C. § 12111(5).

16. At all relevant times herein, Plaintiff was an "employee" of Defendant within the meaning of 42 U.S.C. § 12111(4).

17. Defendant is an employer engaging in commerce and have had more than 15 employees in each of 20 or more weeks in the current or preceding calendar year.

## FACTUAL ALLEGATIONS

18. On or around February 8, 2017, Plaintiff was hired by Defendant as a Branch Banker III at the Raeford, NC location.

19. Plaintiff received no disciplinary actions and maintained a good performance record while employed by Defendant.

20. Around March 2018, Plaintiff experienced a flare up episode of her disability (Crohn's Disease). On March 29, 2018, FMLA was granted to the Plaintiff for intermittent leave due to her disability by the Defendant.

3

21. On June 8, 2018, the Plaintiff exercised her right to use her accommodation given by the Defendant due to the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2615. Linda Hollingsworth, Branch Banker IV was supervising for Margaret Crumpler, Market Leader IV during her absence out of the office. Linda Hollingsworth interfered with the Plaintiff's rights to use the Family and Medical Leave Act of 1993, as amended 29 U.S.C. § 2615 by asking her to come into work due to another employee being on vacation via text message.

22. On June 13, 2018, the Plaintiff had a colonoscopy procedure at UNC Chapel Hill. The Plaintiff notified Margaret Crumpler, Market Leader IV, that she would be out of work for two days due to the procedure as her physician mandated. In response, Margaret. Crumpler stated that she required a note from the physician for the absence, which is not required under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2615.

23. On June 14, 2018, in response to the instructions from Linda Hollingsworth and Margaret Crumpler, the Plaintiff spoke with Carlie Matheson in the Human Resources Department of the Defendant. The Plaintiff advised Carlie Matheson of the interference that occurred on June 8, 2018 and that Margaret Crumpler required a note from the physician for the absence. Carlie Matheson informed the Plaintiff that the instructions provided by Linda Hollingsworth and Margaret Crumpler were in direct violation of the policy for FMLA. Carlie Matheson advised the Plaintiff that she would be reporting the above-described incidents to Jenny Meekins in Human Resources. Carlie Matheson instructed the Plaintiff to discuss the incidents further with Jenny Meekins by phone conversation. Carlie Matheson also advised the Plaintiff that she would report the complaint of interference and discrimination. The Plaintiff was unsuccessful with contacting Jenny Meekins on site of the complaint on June 14, 2018.

24.   On June 18, 2018, the Plaintiff called Carlie Matheson, notifying her that she had been unable to reach Jenny Meekins. In response, Carlie Matheson referred the Plaintiff to contact Sandra Blanton in Human Resources. The Plaintiff attempted to reach Sandra Blanton but was unsuccessful, so the Plaintiff continued up the line until she reached the legal department who, in turn, contacted Debra Horvath (Margaret Crumpler's boss).

25.   Later on that day of June 18, 2018, Margaret Crumpler gave the Plaintiff the first written warning for teller, balancing, and loan errors. The Plaintiff admits to these errors, however, other employees who made these same errors were given verbal warnings, which did not lead to written warnings for repeated infractions. The Plaintiff believes that the first written warning was issued in retaliation for complaining about Linda Hollingsworth and Margaret Crumpler's interference with her disability accommodation.

26.   On June 19, 2018 Margaret Crumpler and Debra Horvath met with the Plaintiff. During this meeting, Debra Horvath informed the Plaintiff that she must only speak to Jenny Meekins about any Human Resources issues, despite the fact that the Defendant has no policy preventing any employee from calling someone else in the company to report complaints. During the conversation, Debra Horvath told the Plaintiff that she knew about her calls to Sandra Blanton, and Tim Davis in the Legal Department. Visibly angry about this, Debra Horvath demanded the Plaintiff to tell her the names of anyone else that she had called about her complaint.

27.   On June 19, 2018, the Plaintiff called Human Resources to report the harassment to which she had been subjected in connection with her disability. The Plaintiff provided details about the harassment to Michelle Boston in Human Resources.

5

28. On June 19, 2018, Dorothy Woodard (Ms. Horvath's Manager) contacted the Plaintiff. Dorothy Woodard also told the Plaintiff that she should have returned to work immediately after her follow-up appointment of June 15, 2018.

29. In contrast, Linda Hollingsworth (Caucasian) had a medical condition(colitis) but was not required to provide physician's notes when she missed work because of this condition. Further, Margaret Crumpler did not require Linda Hollingsworth to come into work when she experienced flare-ups associated with the colitis.

30. On June 21, 2018, the Plaintiff received a positive coaching performance review from Margaret Crumpler, telling her loan volume, constant credit and client deposits had improved.

31. On July 18, 2018, the Plaintiff sent an email to Carlie Matheson, memorializing the phone conversation on June 14, 2018 about the disability complaint.

32. On July 20, 2018, the Plaintiff sent an email to Jenny Meekins, notifying her about having been discriminated against due to her disability.

33. On August 7, 2018, the Plaintiff sent an email to Sandra Blanton, complaining about the disciplinary action given on June 18, 2018. The request was sent to remove the infraction from her file.

34. On August 8, 2018, the Plaintiff received a mid-year review indicating that her performance was satisfactory.

35. August 27-September 10, 2018, the Plaintiff was assigned to work in the Southern Pines branch of the Defendant due to shortage of teller staffing.

36. On September 10, 2018, the Plaintiff returned to the Raeford branch of the Defendant. The Plaintiff was called into Margaret Crumpler's office and was given a final written warning due to an infraction at the Southern Pines branch of the Defendant. Margaret Crumpler informed

6

her that she could be terminated at any time. The Plaintiff believes that this action was in

retaliation for her complaint of discrimination. That same day, the Plaintiff called Lauren

Barker in Human Resources about this incident.

37. On September 12, 2018, the Plaintiff sent an email to Lauren Barker memorializing the

incident on September 10, 2018. On September 20, 2018, the Plaintiff was again assigned to

the Southern Pines branch.

38. On September 21, 2018, the Plaintiff asked Lauren Barker about the status of her investigation

of the Plaintiff's discrimination complaint. On September 24, 2018, the Plaintiff unknowingly

cashed a fraudulent check at the Southern Pines branch. On September 25, 2018, Margaret

Crumpler informed the Plaintiff that the above check had been cashed. Because of this,

Margaret Crumpler advised the Plaintiff that she could be terminated at any time.

39. On September 28, 2018, the Plaintiff was terminated due to the above cashed fraudulent

check. Other employees have made similar infractions and the severity of discipline issued to

those employees consisted of a verbal warning. Further, had management not administered

one or both prior written warnings against the Plaintiff, she would not have had a final written

warning in her file prior to the incident of September 24, 2018.

40. The Plaintiff believes that the BB&T-Raeford branch discriminated against her due to her

disability and race. Moreover, the management of that branch retaliated against her by issuing

disciplinary actions against her and terminating her as a result of her prior complaints.

41. As a result of the mistreatment experienced by the Plaintiff, she has suffered mental stress.

The Plaintiff has also suffered from significant loss of income and benefits as a result of being

fired from the Defendant.

7

42. The Plaintiff received performance reviews indicating she met expectations. However, it appears that she was single out for more severe disciplinary actions than other employees because of her disability and local management's frustration with accommodating this disability, as prescribed by the corporate office.

43. In retaliation, the Defendant fired the Plaintiff fifteen weeks after the Plaintiff complained about disability discrimination due to her disability, in violation of the Americans with Disabilities Act of 1990, as amended, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § § 2000e to 2000e-17 ( race, color, gender, religion, national origin) and the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2615  This was also in violation of the North Carolina public policy of Wrongful Discharge Against Public Policy.

44. As a result of the actions of Defendant as set forth herein, Plaintiff sustained loss of income and loss of employee benefits which have caused significant hardship for her.  Plaintiff suffered severe emotional distress as a result of Defendant's failure to accommodate her disability and because the Defendant fired the Plaintiff in retaliation for Plaintiff complaining about discrimination.   Because of this severe emotional distress, Plaintiff participated in approximately two therapy sessions with a mental health professional and was prescribed medication.

45. As a result of the actions of Defendant as set forth herein, Plaintiff is entitled to recover compensatory and punitive damages in an amount exceeding $25,000.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF AMERICANS WITH DISABILITIES ACT
## DISABILITY HARASSMENT

46. Plaintiff hereby re-alleges and incorporates by reference the allegations as set forth in the preceding paragraphs of this Complaint.

8

47. Plaintiff was an employee of Defendant.

48. Defendant treated Plaintiff less favorably because she had an actual physical and mental impairment that limits one or more major life activities; had a record of a physical and mental impairment that limits one or more major life activities or was perceived by Defendant as having a disability that is not transitory and minor.

49. Plaintiff was qualified for her position and was able to perform the essential functions of this position with or without a reasonable accommodation.

50. Plaintiff was subjected to unwelcome conduct by her supervisor.

51. Defendant knew or should have known about the harassment and failed to take prompt action to stop it.

52. Plaintiff brings this action pursuant to the ADA 42 U.S.C. § 12101, et seq. Plaintiff is a qualified individual with disabilities which impaired major life activities including but not limited to functions of the immune system, digestive, bowel, sitting, concentrating, thinking, toileting, sleeping.

53. The Defendant's harassment against Plaintiff was willful and Defendant's intentional acts were committed with malice and/or a reckless indifference to Plaintiff's federally-protected rights. Accordingly, Plaintiff is entitled to have and recover punitive damages from Defendant.

54. Plaintiff is further entitled to recover reasonable fees, costs and the expenses of this action and such interest as may be allowed by law.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF AMERICANS WITH DISABILITIES ACT
## FAILURE TO REASONABLY ACCOMMODATE DISABILITY

9

55. Plaintiff hereby re-alleges and incorporates by reference the allegations as set forth in the preceding paragraphs of this Complaint.

56. Plaintiff was an employee of Defendant.

57. Plaintiff had a disability as set forth above.

58. Plaintiff informed Defendant of her disability and requested an accommodation so that she could perform the essential duties of the job.

59. There was an accommodation available that would have been effective and would not have posed an undue hardship to Defendant.

60. Defendant failed to provide a reasonable accommodation.

61. The accommodations requested by Plaintiff were intermittent leave and as needed when flare-ups occurred.

62. Defendant failed to reasonably accommodate Plaintiff's disability in violation of 42 U.S.C. § 12112(b)(5)(A).

63. The Defendant's failure to accommodate Plaintiff's disabilities was willful and Defendant's intentional acts were committed with malice and/or a reckless indifference to Plaintiff's federally-protected rights. Accordingly, Plaintiff is entitled to have and recover punitive damages from Defendant.

64. Plaintiff is further entitled to recover reasonable fees, the costs and the expenses of this action and such interest as may be allowed by law

65. As a result of Defendant's actions, Plaintiff suffered from a loss of income, severe emotional distress.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF AMERICANS WITH DISABILITIES ACT
## RETALIATION

66. Plaintiff hereby re-alleges and incorporates by reference the allegations as set forth in the preceding paragraphs of this Complaint.

67. Plaintiff opposed discrimination by Defendant and participated in the EEOC process.

68. Defendant took materially adverse action against Plaintiff.

69. There was a causal connection between Defendant's materially adverse action (retaliation) and the Plaintiff's protected activity (complaining about disability discrimination).

70. The Defendant's retaliation against Plaintiff in response to her complaint about disability harassment was willful and Defendant's intentional acts were committed with malice and/or a reckless indifference to Plaintiff's federally-protected rights. Accordingly, Plaintiff is entitled to have and recover punitive damages from Defendant.

71. Plaintiff is further entitled to recover reasonable fees, the costs and the expenses of this action and such interest as may be allowed by law

72. As a result of Defendant's actions, Plaintiff suffered from a loss of income, severe emotional distress.

## FOURTH CLAIM FOR RELIEF
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

73. Plaintiff hereby re-alleges and incorporates by reference the allegations as set forth in the preceding paragraphs of this complaint.

74. Defendant owed Plaintiff a duty of care to maintain a work environment that was free from unlawful violations of the Americans with Disabilities Act and the unlawful negligent infliction of emotional distress.

75. It was reasonably foreseeable that Defendant's conduct would cause severe emotional distress.

76. As a direct and proximate result of the Defendant's actions, Plaintiff suffered from pecuniary losses, including but not limited to loss of income. In addition, Plaintiff sustained, as a direct

11

and proximate result of Defendant's actions, damages in the form of severe emotional distress, including but not limited to the physical symptoms of stress, sleeplessness, humiliation, loss of concentration, and anxiety. Accordingly, Plaintiff is entitled to have and recover compensatory damages from Defendant.

77. Failure by Defendant to discipline Linda Hollingsworth and Margaret Crumpler or otherwise stop Margaret Crumpler from continuing to discriminate against Plaintiff was a passive sanction of their conduct by Defendant.

78. Defendant is responsible for the conduct of its managers and employees under the doctrine of respondeat superior.

79. As a proximate result of the negligence, Plaintiff has suffered severe emotional distress, and loss of income, thereby entitling Plaintiff to compensatory damages.

80. The Defendant's harassment, failure to reasonably accommodate Plaintiff's disability, and retaliation against Plaintiff in response to her complaint were willful and were committed with malice or reckless indifference to Plaintiff's federally-protected rights. Accordingly, Plaintiff is entitled to have and recover punitive damages from Defendant.

81. Plaintiff is further entitled to recover reasonable fees, the costs and the expenses of this action and such interest as may be allowed by law.

## FIFTH CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

82. Plaintiff hereby re-alleges and incorporates by reference the allegations as set forth in the preceding paragraphs of this complaint.

12

83. Defendant owed Plaintiff a duty of care to maintain a work environment that was free from violations of the Americans with Disabilities act and the unlawful intentional infliction of severe emotional distress.

84. Margaret Crumpler engaged in extreme and outrageous conduct by doing the following: humiliating Plaintiff in front of her fellow employees and disciplining Plaintiff unfairly as compared to other employees.

85. Margaret Crumpler intended to cause severe emotional distress with the intent of retaliating against the Plaintiff for complaining, by acting with reckless disregard to the likelihood that her actions would cause this harm to the Plaintiff. The Plaintiff's emotional distress was exacerbated by her anxiety disorder which was associated with her disability.

86. Margaret Crumpler's conduct did in fact cause severe emotional distress for the Plaintiff, for which she received prescribed medication and treatment by a health professional.

87. Defendant is responsible for the conduct of its managers and employees, including but not limited to Margaret Crumpler and Linda Hollingsworth under the doctrine of respondeat superior.

88. As a direct and proximate result of the Defendant's actions, Plaintiff suffered from pecuniary losses, including but not limited to loss of income. In addition, Plaintiff sustained, as a direct and proximate result of Defendant's actions, damages in the form of emotional distress, including but not limited to the physical symptoms of stress, sleeplessness, humiliation, loss of concentration, and anxiety. Accordingly, Plaintiff is entitled to have and recover compensatory damages from Defendant.

13

89. The Defendant's retaliatory treatment of Plaintiff was willful, and Defendant's intentional acts were committed with malice and/or a reckless indifference to Plaintiff's federally-protected rights. Accordingly, Plaintiff is entitled to recover punitive damages from Defendant.

90. Plaintiff is further entitled to recover reasonable fees, the costs and the expenses of this action and such interest as may be allowed by law.

## SIXTH CLAIM FOR RELIEF
## NEGLIGENT SUPERVISION

91. Plaintiff hereby re-alleges and incorporates by reference the allegations as set forth in the preceding paragraphs of this complaint.

92. Margaret Crumpler committed at least one tort against Plaintiff. Margaret Crumpler harassed Plaintiff due to her disability and failed to comply with the disability accommodation and FMLA allowance, following Plaintiff's complaint to Carlie Matheson in HR about disability discrimination. Margaret Crumpler then responded in retaliation by giving Plaintiff disciplinary actions. Margaret Crumpler and Linda Hollingsworth failed to reasonably accommodate Plaintiff's accommodation request which would not have caused an undue hardship to Defendant.

93. Margaret Crumpler owed Plaintiff a duty to maintain a work environment free from violation of the Americans with Disabilities Act and free from the infliction of severe emotional distress. Further, Defendant had a duty of care to its employees to protect them from discrimination and other tortuous conduct by members of its management.

94. Margaret Crumpler was unfit for the work she was hired to perform because she unlawfully harassed Plaintiff because of her disability; refused to reasonably accommodate Plaintiff's

14

disability and retaliated against Plaintiff in response to Plaintiff's internal discrimination complaint.

95. Defendant had actual or constructive notice of Linda Hollingsworth and Margaret Crumpler's unfitness. Carlie Matheson and Jenny Meekins was made aware of Plaintiff's complaint about Margaret Crumpler's harassment based on her disability and about Margaret Crumpler's retaliating against Plaintiff.

96. Defendant is responsible for the conduct of its managers and employees, including but not limited to Linda Hollingsworth, Margaret Crumpler, Debra Horvath, Dorothy Woodard, Sandra Blanton, Jenny Meekins and Lauren Barker under the doctrine of respondeat superior.

97. The Defendant's retaliatory treatment of Plaintiff was willful, and Defendant's intentional acts were committed with malice and/or a reckless indifference to Plaintiff's federally-protected rights. Accordingly, Plaintiff is entitled to recover punitive damages from Defendant.

98. Plaintiff is further entitled to recover reasonable fees, the costs and the expenses of this action and such interest as may be allowed by law.

## SEVENTH CLAIM FOR RELIEF
## WRONGFUL DISCHARGE AGAINST PUBLIC POLICY

1. Plaintiff hereby re-alleges and incorporates by reference the allegations as set forth in the preceding paragraphs of this complaint.

2. The adverse employment actions taken by Defendant including the termination of Plaintiff from her employment due to her disability, were in violation of the public policy of the State of North Carolina prohibiting disability discrimination.

15

3. It is the public policy of the State of North Carolina to protect and safeguard the right and opportunity for all persons to seek, obtain, and hold employment without discrimination or abridgment on account of disability as set forth in N.C.G.S. § 143-422.1, *et seq*.

4. Plaintiff is a member of a class of persons protected by the Statute in that she was discriminated against based on her disability.

5. Contrary to the public policy of North Carolina, Defendant, acting through its agents, wrongfully discharged Plaintiff because of her disability.

6. Defendant is liable for the acts of its managers and agents.

7. As a direct and proximate result of Defendant's illegal discriminatory practices which were contrary to North Carolina public policy, Plaintiff has in the past, and will in the future, suffer lost income and lost employment benefits as well as emotional pain, anguish, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

8. Defendant engaged in the aforesaid discriminatory practices in willful violation of the public policy of North Carolina and with a reckless indifference to the rights of Plaintiff.

9. Defendant's actions as herein described were malicious and in willful and wanton disregard of Plaintiff's rights.

10. Defendant's officers, directors, or managing agents were aware of, participated in, or condoned the malicious, willful and wanton violations of Plaintiff's rights.

11. The illegal actions set forth herein were tolerated and condoned by Defendant thus making the Defendant liable for punitive damages.

16

12. Plaintiff is entitled to recover compensatory and punitive damages from Defendant in an amount exceeding $25,000.

13. Plaintiff is further entitled to recover reasonable fees; the costs and expenses of this action and such interest as may be allowed by law.

## RESPONDEAT SUPERIOR

99.  Plaintiff hereby re-alleges and incorporates by reference the allegations as set forth in the preceding paragraphs of this complaint.

100. The actions of Linda Hollingsworth and Margaret Crumpler, including, but not limited to the harassment of Plaintiff, failure to reasonably accommodate Plaintiff's disability, retaliation against Plaintiff, infliction of severe emotional distress on Plaintiff were acts performed by an employee and agent of Defendant.

101. Defendant is responsible for the conduct of its managers and employees under the doctrine of respondeat superior.

102. In addition, or in the alternative, Defendant is liable for the conduct of Linda Hollingsworth, Margaret Crumpler, Debra Horvath, and Dorothy Woodard. Defendant had actual or constructive knowledge of such behavior; directed, approved of or failed to take adequate action to stop such behavior; and thereby ratified such behavior.

103. The acts of those employees or agents took place during the hours they were in fact working for Defendant.

104. These acts were related to or committed in the context of the conduct these employees or agents were hired to perform.

17

105. The wrongful actions herein complained of were performed by agents of Defendant in the course of Defendant's business. Defendant is thus liable for its agents' actions under the doctrine of respondeat superior.

106. As a result of these actions, Plaintiff has been damaged in an amount to be determined at trial.

107. Plaintiff is entitled to recover from Defendant damages of more than Twenty-Five Thousand ($25,000.00), plus punitive damages, in an amount to be determined by the finder of fact, as well as attorney fees.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiiff prays the Court:

1. Enter a declaratory judgment that the practices complained of herein are unlawful and in violation of the Americans with Disability Act (ADA) and the laws and public policy of the State of North Carolina.

2. For an injunction, enjoining Defendant from engaging in discrimination in the future;

3. For a monetary judgment against Defendant for violations of the ADA (failure to accommodate disability, disability harassment and retaliation) representing all compensatory damages, including but not limited to loss of wages, loss of benefits, loss of status, emotional distress and inconvenience, which amount shall be determined specifically at the trial of this action;

4. For a monetary judgment against Defendant for willful violations of the ADA, representing punitive and/or liquidated damages, which amount shall be determined shall be determined specifically at the trial of this action;

5. Consequential damages in an amount to be determined at the time of trial;

6. For a monetary judgment against Defendant for wrongful discharge against public policy, which amount shall be determined specifically at a trial of this action;

7. For a monetary judgment against Defendant for punitive damages for wrongful discharge, which amount shall be determined specifically at a trial of this action;

8. For the costs of suit, including an award of reasonable fees;

9. Pre-judgment and post-judgment interest, as provided by law; and

10. For such other and further relief as may be just, proper and necessary to afford complete relief to Plaintiff and to provide Plaintiff that to which she is entitled at the time this action.

This the _20_ day of _Feb_ 2019.

Anstrice Epps
anstriceepps@gmail.com
113 Chowan Ct Raeford, NC 28376
Phone: 910-494-5256

Pro Se Plaintiff

STATE OF NORTH CAROLINA     IN THE GENERAL COURT OF JUSTICE
                                              SUPERIOR COURT DIVISION

**HOKE COUNTY**                           **FILE NO.** _____

19 FEB 20  PM 4:06

**ANSTRICE EPPS,** )
)
        **Plaintiff,** )
)
        **v.** )         **VERIFICATION**
)
**BB&T CORPORATION.,** )
)
        **Defendant.** )
)

I, Anstrice Epps, after being first duly sworn, do depose and say that I am the Plaintiff in the above entitled action; that I have read the foregoing instrument and know the contents thereof; that the same is true of my own knowledge, except those matters and things stated upon information and belief, and to those I believe them to be true.

_____
Signature of Anstrice Epps

I, the undersigned, an ___HOKE___ County, North Carolina Notary Public, do hereby certify that Anstrice Epps, being duly sworn, did personally appear before me and did acknowledge and subscribe the foregoing this the ___20___ day of ___Feb___, 2019.

_____, JECIA ANDERSON
Notary Public

My Commission expires: ___03-27-2021___

JECIA ANDERSON
NOTARY
PUBLIC
HOKE COUNTY, NC

20



FROM:

Anstrice Epps

113 Chowan Ct

Raeford, NC 28376

CERTIFIED MAIL

7018 0680 0001 5577 5943

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

U.S. POSTAGE PAID
PM FLATS ENV
RAEFORD, NC
28376
FEB 21 19
AMOUNT
$8.05
R2305K142756-19

1000     27101

TO:

BB;T Corporation

c/o Katrina D. Ramsey

200 West Second St,

3rd Floor

Winston - Salem NC 27106

BB&T Distr...
Winst...
Inspec...

...lity Mailer
1/2" x 16"

Ready Post.

# STATE OF NORTH CAROLINA

_____ HOKE _____ County

| | |
|---|---|
| *File No.* | |

| | |
|---|---|
| | In The General Court Of Justice |
| | ☐ District   ☒ Superior Court Division |

| | |
|---|---|
| *Name Of Plaintiff* | |
| ANSTRICE EPPS | 19 FEB 20 PH 4: 03 |
| *Address* | |
| 113 CHOWAN CT | |
| *City, State, Zip* | |
| RAEFORD, NC 28376 | |

**CIVIL SUMMONS**
☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)**

### VERSUS

G.S. 1A-1, Rules 3 and 4

| | |
|---|---|
| *Name Of Defendant(s)* | *Date Original Summons Issued* |
| BB&T CORPORATION | |
| C/O CT CORPORATION SYSTEM, REGISTERED AGENT | *Date(s) Subsequent Summons(es) Issued* |
| 200 WEST SECOND ST 3RD FLOOR | |
| WINSTON-SALEM, NC 27101 | |

**To Each Of The Defendant(s) Named Below:**

| | |
|---|---|
| *Name And Address Of Defendant 1* | *Name And Address Of Defendant 2* |
| | Received FEB 26 2019 Legal Department |

**IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. **¡NO TIRE estos papeles!** Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| | | |
|---|---|---|
| *Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)* | *Date Issued* 2/20/19 | *Time* 4:03 ☐ AM ☒ PM |
| | *Signature* Michell H | |
| | ☐ Deputy CSC   ☒ Assistant CSC   ☐ Clerk Of Superior Court | |

| | | |
|---|---|---|
| ☐ **ENDORSEMENT (ASSESS FEE)** This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Date Of Endorsement* | *Time* ☐ AM ☐ PM |
| | *Signature* | |
| | ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
| | | ☐ AM ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

> *Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
| | | ☐ AM ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

> *Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| *Date Received* | *Name Of Sheriff (type or print)* |
| | |
| *Date Of Return* | *County Of Sheriff* |
| | |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

_____ HOKE _____ County

| | |
|---|---|
| **File No.** | |

In The General Court Of Justice
☐ District ☒ Superior Court Division

**Name And Address Of Plaintiff 1**
ANSTRICE EPPS
113 CHOWAN CT
RAEFORD, NC 28376

19 FEB 20 PM 4:03

**Name And Address Of Plaintiff 2**

# GENERAL

## CIVIL ACTION COVER SHEET
☒ **INITIAL FILING**    ☐ **SUBSEQUENT FILING**

Rule 5(b), General Rules of Practice For Superior and District Courts

**Name And Address Of Attorney Or Party, If Not Represented** (complete for initial
appearance or change of address)

### VERSUS

**Name Of Defendant 1**
BB&T CORPORATION
C/O CT CORPORATION SYSTEM, REGISTERED AGENT
200 WEST SECOND ST 3RD FLOOR
WINSTON-SALEM, NC 27101

| **Telephone No.** | **Cellular Telephone No.** |
|---|---|
| **NC Attorney Bar No.** | **Attorney E-Mail Address** |

**Summons Submitted** ☒ Yes ☐ No

☐ Initial Appearance in Case          ☐ Change of Address

**Name Of Defendant 2**

**Name Of Firm**

**FAX No.**

**Counsel for**
☐ All Plaintiffs  ☐ All Defendants  ☐ Only *(list party(ies) represented)*

**Summons Submitted** ☐ Yes ☐ No

☒ Jury Demanded In Pleading
☐ Complex Litigation

☐ Amount in controversy does not exceed $15,000
☐ Stipulate to arbitration

## TYPE OF PLEADING

*(check all that apply)*

☐ Amend (AMND)
☐ Amended Answer/Reply (AMND-Response)
☐ Amended Complaint (AMND)
☐ Assess Costs (COST)
☐ Answer/Reply (ANSW-Response) *(see Note)*
☐ Change Venue (CHVN)
☒ Complaint (COMP)
☐ Confession Of Judgment (CNJF)
☐ Consent Order (CONS)
☐ Consolidate (CNSL)
☐ Contempt (CNTP)
☐ Continue (CNTN)
☐ Compel (CMPL)
☐ Counterclaim *(list on back)* (CTCL) *Assess Court Costs*
☐ Crossclaim *(list on back)* (CRSS) *Assess Court Costs*
☐ Dismiss (DISM) *Assess Court Costs*
☐ Exempt/Waive Mediation (EXMD)
☐ Extend Statute Of Limitations, Rule 9 (ESOL)
☐ Extend Time For Complaint (EXCO)
☐ Failure To Join Necessary Party (FJNP)

*(check all that apply)*

☐ Failure To State A Claim (FASC)
☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
☐ Improper Venue/Division (IMVN)
☐ Including Attorney's Fees (ATTY)
☐ Intervene (INTR)
☐ Interplead (OTHR)
☐ Lack Of Jurisdiction (Person) (LJPN)
☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
☐ Modification Of Child Support In IV-D Actions (MSUP)
☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
☐ Petition To Sue As Indigent (OTHR)
☐ Rule 12 Motion In Lieu Of Answer (MDLA)
☐ Sanctions (SANC)
☐ Set Aside (OTHR)
☐ Show Cause (SHOW)
☐ Transfer (TRFR)
☐ Third Party Complaint *(list Third Party Defendants on back)* (TPCL)
☐ Vacate/Modify Judgment (VCMD)
☐ Withdraw As Counsel (WDCN)
☐ Other *(specify and list each separately)*

**NOTE:** *All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must either include a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.*

AOC-CV-751, Rev. 1/14                    *(Over)*
© 2014 Administrative Office of the Courts

| | CLAIMS FOR RELIEF | |
|---|---|---|
| ☐ Administrative Appeal (ADMA)<br>☐ Appointment Of Receiver (APRC)<br>☐ Attachment/Garnishment (ATTC)<br>☐ Claim And Delivery (CLMD)<br>☐ Collection On Account (ACCT)<br>☐ Condemnation (CNDM)<br>☐ Contract (CNTR)<br>☐ Discovery Scheduling Order (DSCH)<br>☐ Injunction (INJU) | ☐ Limited Driving Privilege - Out-Of-State<br>    Convictions (PLDP)<br>☐ Medical Malpractice (MDML)<br>☐ Minor Settlement (MSTL)<br>☐ Money Owed (MNYO)<br>☐ Negligence - Motor Vehicle (MVNG)<br>☒ Negligence - Other (NEGO)<br>☐ Motor Vehicle Lien G.S. 44A (MVLN)<br>☐ Possession Of Personal Property (POPP) | ☐ Product Liability (PROD)<br>☐ Real Property (RLPR)<br>☐ Specific Performance (SPPR)<br>☐ Other *(specify and list each separately)* |

| Date | Signature Of Attorney/Party |
|---|---|
| | |

## FEES IN G.S. 7A-308 APPLY
Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Foreclosure) (RSOT)
Supplemental Procedures (SUPR)

## PRO HAC VICE FEES APPLY
Motion For Out-Of-State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out-Of-State Attorney/Pro Hac Vice Fee)

| No. | ☐ **Additional Plaintiff(s)** |
|---|---|
| | |
| | |
| | |
| | |

| No. | ☐ **Additional Defendant(s)**      ☐ **Third Party Defendant(s)** | Summons Submitted |
|---|---|---|
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |

*Plaintiff(s) Against Whom Counterclaim Asserted*

| |
|---|
| |
| |
| |

*Defendant(s) Against Whom Crossclaim Asserted*

| |
|---|
| |
| |